1  NICOLE KAMM, SBN 245534
   E-Mail  nkamm@fisherphillips.com
2  BRENDAN Y. JOY, SBN 254959
   E-Mail  bjoy@fisherphillips.com
3  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
4  Los Angeles, California 90071
   Telephone: (213) 330-4500
5  Facsimile: (213) 330-4501

6  Attorneys for Defendant
   CONDENSED CURRICULUM INTERNATIONAL, INC.

7

8

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12  RYAN WILLIAMS, individually, and      CASE NO.:
    on behalf of aggrieved individuals,
13                                         **NOTICE OF REMOVAL OF**
                         Plaintiff,        **ACTION TO UNITED STATES**
14                                         **DISTRICT COURT (DIVERSITY)**
           v.
15                                         **[28 U.S.C. §§ 1332, 1441, and 1446]**
    CONDENSED CURRICULUM
16  INTERNATIONAL, INC., a New             *[Filed Concurrently with Declaration of*
    Jersey corporation doing business in  *Brendan Y. Joy; Declaration of Thomas*
17  California; and DOES 1 through 10,     *A. Ruziska; Appendix of State Court*
    inclusive,                             *Pleadings; Certificate of Interested*
18                                         *Entities; and Civil Cover Sheet]*
                         Defendants.
19                                         [Removed from Napa Superior Court,
                                           Civil Case No.: 20CV000392]
20
                                           Action Filed:      June 1, 2020
21                                         Removal Date:      July 31, 2020
                                           Trial Date:        None Set
22

23

24

25

26

27

28

**TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Condensed Curriculum International, Inc. ("Defendant"), by and through the undersigned counsel, hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) and removes the above-referenced action of Plaintiff Ryan Williams ("Plaintiff") from the Superior Court of California, County of Napa to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1446(b).

## I.   PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT

1.   On June 1, 2020, Plaintiff Ryan Williams ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of Napa, entitled *Ryan Williams, individually, and behalf of aggrieved individuals, v. Condensed Curriculum International, Inc., a New Jersey corporation doing business in California ; and DOES 1 through 10, inclusive*, Case No. 20CV000392 (the "Complaint" and/or "State Court Action").   (*See* Declaration of Brendan Y. Joy ("Joy Decl.") at ¶ 2).

2.   The Complaint asserts causes of action against Defendant for: (1) Breach of Written Employment Agreement; (2) Misclassification as Independent Contractor (Cal. Labor Code §§ 226.8, 2750.3, 2753); (3) Inaccurate Wage Statements (Cal. Labor Code § 226); (4) Failure to Provide Wages When Due (Cal. Labor Code §§ 201, 202 & 203; (5) Failure to Reimburse Business Expenses (Cal. Labor Code § 2802); (6) Unfair Business Practices (Bus. & Prof. Code §17200); (7) Wrongful Termination in Violation of Public Policy; and (8) Retaliation (FEHA); and (9) Injunctive Relief.  (Joy Decl. at ¶ 3).

3.   On June 11, 2020, Plaintiff served a copy of the Summons and Complaint, Civil Cover Sheet, and Notice of Case Management Conference to Fisher & Phillips, LLP, counsel for Defendant, via Notice and Acknowledgment of Receipt.  (Joy Decl. at ¶ 4, **Exhibits 1-5**).

///

4.      July 1, 2020, counsel for Defendant executed the Notice of Acknowledgement and Receipt and returned it to Plaintiff, completing service. (Joy Decl. at ¶ 5, **Exhibit 6**).

5.      On July 9, 2020, Plaintiff filed a First Amended Complaint (the "FAC"), wherein he included a tenth cause of action for penalties under the Labor Code's Private Attorneys General Act ("PAGA").  Plaintiff electronically served the FAC on July 9, 2020.  (Joy Decl. at ¶ 6, **Exhibit 7**).

6.      On July 29, 2020, Defendant filed an Answer to the FAC in the State Court Action.  (Joy Decl. at ¶ 7, **Exhibit 8**).

7.      The Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, Notice of Acknowledgement of Receipt, FAC, and Answer of Defendant constitute all pleadings, process and orders served in the State Court Action.  (Joy Decl. at ¶ 9).

## II.      VENUE

8.      This action was filed in the Superior Court of California for the County of Napa. Thus, venue properly lies in the United States District Court for the Northern District of California.  *See* 28 U.S.C. §§ 84(b), 1391, and 1441(a).

## III.      BASIS FOR REMOVAL JURISDICTION

### A.      Diversity Jurisdiction

9.      As set forth below, complete diversity exists between Plaintiff, on the one hand, and Defendant, on the other.  Further, Defendant is not a citizen of the state of California.

#### 1.      *Plaintiff's Citizenship*

10.      To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence  is

*prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).   An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile once acquired is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014.   It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

11.     Plaintiff alleges in his FAC that he "is an individual residing in California who was previously employed by Defendants and performed his work for Defendant in the County of Napa, California.   (FAC at ¶ 6).   Accordingly, Plaintiff is, and at all relevant times was, a citizen of and domiciled in California for purposes of determining diversity. 28 U.S.C. § 1332(a).

2.     *Citizenship of Defendant*

12.     A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *Nike, Inc. v. Comerical Iberica De Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).

13.     From the time Plaintiff filed his Complaint through the date of removal, Defendant was and is a corporation incorporated in New Jersey with its headquarters and principal place of business in Fairfield, New Jersey, and Frederick, Maryland, respectively.   (*See* Declaration of Thomas A. Ruziska ("Ruziska Decl.") at ¶ 2).

///

///

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)
FP 38141365.1

14.    Defendant's principal place of business is in Fairfield, New Jersey, under the "nerve center test."[1]  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (adopting "nerve center" test for establishing principal place of business).  "In an effort to find a single, more uniform interpretation" of "principal place of business," the United States Supreme Court held in *Hertz Corp. v. Friend*, that "principal place of business" is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.*  In other words, "the place that Courts of Appeals have called the corporation's 'nerve center.'" *Id.* at 93. "[I]n practice," it is "the place where the corporation maintains its headquarters." *Id.* Additionally, relevant considerations under the "nerve center" test include: (1) where the executives have their offices; (2) where the administrative and financial offices are located and the records kept; (3) where the corporate income tax return is filed; (4) where the "home office" is located; and (5) where day-to-day control of the business is exercised.  *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal 1964).

15.    Applying the "nerve center" test to Defendant, it is clear that Defendant's principal place of business is in New Jersey and Maryland. Defendant's top executives work, direct, control, and coordinate the company's activities from New Jersey and Maryland, and day-to-day control of the business is likewise exercised from New Jersey and Maryland. *Id.*  Defendant maintains corporate and administrative records, along with administrative and financial offices, in New Jersey and Maryland.  *Id.*

16.    Accordingly, Defendant is a citizen of New Jersey (state of incorporation and principal place of business) for diversity purposes.

---

[1] The "nerve center" test is generally applied when a corporation's activities, like Defendant's, are conducted in many states.  *See, Lurie Co. v. Loew's San Francisco Corp.*, 315 F. Supp. 405, 412 (N.D. Cal. 1970). Given that Defendant's central functions are concentrated in New Jersey and Maryland, the "place of operations" for Defendant is also in New Jersey and Maryland. *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 497 (9th Cir. 2001).

a)   Doe Defendants' Citizenship

17.   Defendant is not aware that any Doe Defendants have been served with a copy of the Summons, Complaint, and the FAC, or that they have been named as parties to the State Court action. (Ruziska Decl. at ¶ 4).  The Court may disregard unidentified Doe Defendants for purposes of determining whether diversity jurisdiction exists.  *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987); *see also* 28 U.S.C. § 1441(b)(1).

3.   *Amount in Controversy*

18.   The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."  28 U.S.C. § 1332(a).

19.   The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome.  When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  The failure of the FAC to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F. Supp. 3d 149, 152 (D.D.C. 2014) (amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account Plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J. C. Penney Life Ins. Co.,* 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining…to place a specific dollar claim upon its claim.").  Defendant need

only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

20.    In the instant case, Plaintiff's FAC alleges: (1) Breach of Written Employment Agreement; (2) Misclassification as Independent Contractor (Cal. Labor Code §§ 226.8, 2750.3, 2753); (3) Inaccurate Wage Statements (Cal. Labor Code § 226); (4) Failure to Provide Wages When Due (Cal. Labor Code §§ 201, 202 & 203; (5) Failure to Reimburse Business Expenses (Cal. Labor Code § 2802); (6) Unfair Business Practices (Bus. & Prof. Code §17200); (7) Wrongful Termination in Violation of Public Policy; (8) Retaliation (FEHA); (9) Injunctive Relief; and (10) Violation of the Private Attorney General Act (Cal. Labor Code §2698).

21.    Plaintiff's FAC seeks an unspecified amount of actual, consequential and incidental losses, civil penalties, and punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant in the community.  It is facially apparent that the allegations in the FAC demonstrate that the amount in controversy in this matter exceeds $75,000.00.  *White v. FCI USA, Inc.*, 319 F.3d 672, 274 (5th Cir. 2003) (Satisfaction of amount in controversy threshold was "facially apparent" from wrongful termination allegations showing "lengthy list of compensatory and punitive damages.")

22.    Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies that Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the FAC.   *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,

199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

23.    Further, a court must account for claims for not only compensatory damages but also punitive damages. *See e.g.*, *Bell v. Preferred Life Ass'n Society*, 320 U.S. 238, 240 (1940) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").  The ultimate inquiry is what amount is put in controversy by a plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

24.    In the instant case, Plaintiff's FAC seeks recovery of compensatory damages, general damages for emotional distress, attorney's fees, exemplary or punitive damages, and civil penalties. *See* FAC at ¶¶ 25, 29-30, 32-33, 38-39, 45-49, 54-55, 66-68, 74-76, and pg. 14 Prayer for Relief.  Although Defendant denies Plaintiff's claims of wrongdoing and his requests for relief thereon, the facial allegations in the FAC and total amount of estimated compensatory damages, special damages, and exemplary (punitive) damages at issue are well in excess of $75,000.00.

25.    **Breach of Written Employment Agreement**: Plaintiff alleges that he entered into a written Employment agreement with Defendant; Plaintiff performed all that was required of him to earn commissions under the Employment Agreement; and Defendant breached the Employment Agreement by "failing to pay plaintiff the amounts due under the employment agreement."  *See* FAC at ¶¶ 21-23.  Plaintiff claims that he is owed **$883,738** in unpaid commissions. *Id*. at ¶ 16.

26.    **Lost Wages and Benefits**: Plaintiff's FAC alleges, among other claims, that his employment was terminated in violation of the California Fair

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)
FP 38141365.1

1   Employment and House Act ("FEHA") and public policy.  *See Generally* FAC.

2   Plaintiff seeks monetary damages, including front and back pay.  *See* FAC at ¶¶ 66

3   and 74.  *See Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, (2007)

4   ("Under FEHA, an employee . . . may be compensated for a future loss of

5   earnings.").   For example, Plaintiff avers he suffered "monetary damages" in

6   addition to emotional distress as a result of the alleged wrongful termination and

7   retaliation against him in violation of the FEHA.  FAC at ¶¶ 66 and 74.

8        27.   Importantly, the Ninth Circuit recently clarified that future lost wages,

9   i.e., lost wages beyond the date of removal, are properly considered in determining

10   the amount in controversy.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417

11   (9th Cir. 2018).  The court explained that the correct measure is the "amount at

12   stake in the underlying litigation."   *Id.* (citing *Gonzalez v. CarMax Auto

13   Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).  The court held that the fact

14   that "the amount in controversy is assessed at the time of removal does not mean

15   that the mere futurity of certain classes of damages precludes them from being part

16   of the amount in controversy," explaining:

> If a plaintiff claims at the time of removal that her termination caused
> her to lose future wages, and if the law entitles her to recoup those
> future wages if she prevails, then there is no question that future wages
> are "at stake" in the litigation, whatever the likelihood that she will
> actually recover them. In such a situation, although the plaintiff's
> employer would have paid the wages in the future had she remained
> employed, they are presently in controversy.

23   *Id.* Accordingly, the proper measure of lost wages (as well as other claimed

24   damages) for the amount in controversy is the amount which would be incurred up

25   until trial.

26        28.   Here, Plaintiff earned an annual base salary of $60,000 (in addition to

27   commission, which is not relied on here for purposes of establishing whether the

28   amount in controversy is satisfied).  *See* FAC at ¶ 14.  Thus, dividing Plaintiff's

annual salary by 52 and again by 40 and multiplying by 8, Plaintiff's daily rate of pay was $230.76, his hourly rate equivalent is $1,153.84 per week. (*See*, Ruziska Decl.at ¶ 5). Plaintiff was terminated on March 6, 2020. (Ruziska Decl. at ¶ 5). Based on the conservative estimate of a trial date one year from the date of filing, there are 57 full weeks from March 6, 2020 to the conservative trial date estimate of June 1, 2021 (one year from the date of the June 1, 2020 filing). At Plaintiff's hourly rate of pay, 64 weeks of lost wages totals **$73,846.15.**

29. **Waiting Time Penalties Under Labor Code Section 203**: Plaintiff alleges he was not paid all wages upon his termination. *See* FAC at ¶ 43. As a penalty, Plaintiff seeks waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays. *Id.* at ¶ 42. At least thirty days have elapsed since his March 6, 2020 alleged termination to the date of removal. Thirty days pay at his daily rate of pay is: $6,922.80, and therefore Plaintiff's Fourth Cause of Action places at least **$6,922.80** in controversy.

30. **Wage Statement Penalties:** On Plaintiff's claim for failure to provide accurate, itemized wage statements (FAC at ¶¶ 34-39), Plaintiff seeks a penalty of $4,000, and therefore Plaintiff's Third Cause of Action places at least **$4,000** in controversy.

31. **Emotional Distress Damages**: Plaintiff also seeks damages for emotional distress, including "humiliation, mental anguish, and physical and emotional distress" which are authorized under FEHA. *See* FAC at ¶¶ 66, 74; *Commodore Home Systems, Inc. v. Superior Court*, 32 Cal. 3d 211, 215 (1982) (emotional distress damages recoverable under FEHA statutory scheme). These emotional distress damages are included in the amount of controversy. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). While plaintiff does not specify the amount he seeks, "emotional distress damages in a successful employment discrimination case may be substantial," and that rings particularly true for race discrimination and retaliation cases such as the present case. *Id.*

32.     Recent verdicts in employment cases confirm that emotional distress awards may be substantial:

      (a)     *Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal. Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs were awarded **$375,000** and **$225,000** for emotional distress damages).

      (b)     *Silverman vs. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL 5820140 (Cal. Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case).  *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

33.     Indeed, district courts in California have found that it is not unreasonable that emotional distress damages may equal the amount of lost wages and that damage awards for emotional distress in employment discrimination cases are often substantial.  *See, e.g.*, *Chambers v. Penske Truck Leasing Corp.*, No. 1:11-cv-00381 LJO GSA, 2011 U.S. Dist. LEXIS 41359, *8 (E.D. Cal. Apr. 15, 2011) ("it is not unreasonable to consider that Plaintiff here may likewise be entitled to damages for emotional distress in an amount at least equal to her lost wages").

34.     Accordingly, a conservative measure of Plaintiff's claimed emotional distress damages is **$25,000.00**.

///

35.     **Attorneys' Fees Under Statute**: If attorney' fees are recoverable by statute, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).   Here, Plaintiff seeks attorneys' fees pursuant to the terms of FEHA, which authorizes attorneys' fees. *See* FAC at ¶ 76 and Prayer for Relief; Cal Gov. Code 12965(b).  Similarly, Plaintiff seeks attorneys' fees pursuant to his misclassification as independent contractor, inaccurate itemized wage statements, failure to provide wages when due, and failure to reimburse business expenses claims.  *See* FAC at ¶ 33, 39, 49, and 54. Under *Chavez*, both past and future attorneys' fees are to be considered, including up until the time of trial. *Chavez*, 888 F.3d at 417; *Chambers*, 2011 U.S. Dist. LEXIS 41359, 2011 WL 1459155, at *4 ("the measure of fees should be that amount that can reasonably be anticipated at the time of removal, not merely those already incurred") (citation omitted).

36.     One court recently determined that $300 per hour is a reasonable rate for attorney's fees in employment cases.  *See, Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015).  And courts in this district have held that "100 hours is an appropriate conservative estimate" for the number of hours expended through trial.  Therefore, $30,000 (based on 100 hours at $300 per hour) is an "appropriate and conservative estimate" for recoverable attorney's fees. *Thompson*, No. 1:16-cv-01464-LJO-JLT, 2017 U.S. Dist. LEXIS 20094, at *16 (citing *Chambers*, 2011 U.S. Dist. LEXIS 41359, 2011 WL 1459155, at *5); *see also Stainbrook v. Target Corp.*, No. 2:16-CV-00090-ODW, 2016 U.S. Dist. LEXIS 74833, 2016 WL 3248665, at *5 (C.D. Cal. June 8, 2016) (concluding based on a $300 per hour attorney's fee rate and 100 hours of attorney work that Plaintiff's demand for attorney's under FEHA "adds at least $30,000 to the amount in controversy").

37.   Accordingly, a conservative estimate of Plaintiff's claimed attorneys' fee award is **$30,000.00**.

38.   **Punitive Damages**: Punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law. *Conrad Associates v. Hartford Accident & Indemnity Co.,* 994 F. Supp. 1196, 1198-99 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995).   In California, punitive damages are available for violations of FEHA.  *Andrade v. Arby's Rest. Group, Inc*., 225 F. Supp. 3d 1115, 1143 (N.D. Cal. 2016); *see also Rodriguez v. Home Depot, U.S.A., Inc*., 2016 U.S. Dist. LEXIS 94176, *1 6 ("Because Plaintiff pleads wrongful termination in violation of public policy and Labor Code section[] 1102.5. . . punitive damages may properly be factored into the amount-in-controversy calculation."   Indeed, here, Plaintiff's FAC alleges a claim for recovery of punitive damages and Plaintiff seeks punitive damages in two of his causes of action.  *See* FAC at ¶¶ 67, 75, and Prayer for Relief.

39.   Defendant maintains that the facts here will ultimately demonstrate that Plaintiff is not entitled to punitive damages; however, if each of the facts as alleged by Plaintiff are taken to be true, a substantial punitive damages award is more likely than not.  *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims).

40.   As the court in *Narayan v. Compass Grp. USA, Inc*., 284 F. Supp. 3d 1076, 1091 (E.D. Cal. 2018) explained, "if the Plaintiff prevails on all his claims, which [the court] must presume, the jury will have concluded that [Defendant] discriminated against [its] employee . . . [i]t is not at all difficult to imagine a jury imposing a substantial punitive damages award in light of such a conclusion."  *See also Mejia v. Parker Hannifin Corp.*, No. CV 17-8477, 2018 U.S. Dist. LEXIS

FP 38141365.1

13289, at *12 (C.D. Cal. Jan. 26, 2018) (explaining the court "need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on his Complaint").

41. **Summary of Amount in Controversy**: In summary, although Defendant denies each and every one of Plaintiff's claims and factual allegations, the damages that Plaintiff's FAC seeks nevertheless include:

- Breach of Contract:  $883,738;

- Lost wages at a reasonable minimum of $73,846.15;

- Waiting time penalties under Labor Code section 203:  $6,922.80;

- Wage statement penalties:  $4,000;

- Emotional distress damages at a reasonable minimum of $25,000;

- Attorneys' fees at a reasonable minimum of $30,000; and,

- Punitive damages in an amount sufficient to meet the jurisdictional amount in controversy, even if the court were to ignore lost wages through trial.

42. Plaintiff alleges damages totaling no less than **$1,023,507.15** before factoring in any amount for punitive damages, which could extend beyond the $75,000 jurisdictional threshold in their own right. Accordingly, given all of the circumstances, and although Defendant denies that the Plaintiff is entitled to any damages at all, Defendant has demonstrated it is more likely than not that based on the allegations pled in Plaintiff's FAC, Plaintiff is seeking an amount in controversy exceeding $75,000, exclusive of interest and costs.

## IV.   TIMELINESS OF REMOVAL

43. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,…"  The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

44.     Defendant was served with the Complaint on July 1, 2020. Defendant filed this removal on July 31, 2020.  This Removal is accordingly timely.

## V.     DEFENDANT SATISFIES ALL REQUIREMENTS TO REMOVE THIS CASE ON DIVERSITY GROUNDS

45.     Because Defendant is a citizen of a state other than California, complete diversity exists under 28 U.S.C. § 1332(a).

46.     Additionally, as set forth above, Defendant has demonstrated that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.   Thus, the amount-in-controversy requirement for federal diversity jurisdiction is also satisfied. 28 U.S.C. § 1332(a).

47.     Because complete diversity exists between Plaintiff and Defendant, and the matter in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).   Accordingly, pursuant to 28 U.S.C. § 1441(a), Defendant may remove this action to this Court.

48.     Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a) and § 1391(a) because the State Court Action was filed in this District and this is the judicial district in which the action arose. *See,* 28 U.S.C. § 84.

49.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."   Here, the Complaint was served on Defendant on July 1, 2020, thus, the deadline to file the instant Notice of Removal is July 31, 2020.  (Joy Decl., at ¶ 5).

50.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties who have been served in the action, and a copy of this Notice is being filed with the Clerk of the Superior

1    Court of the State of California for the County of Napa.

2         **WHEREFORE,** Defendant prays that this action be removed to this Court,

3    that this Court accept jurisdiction of this action, and that this action be placed on

4    the docket of this Court for further proceedings, the same as though this action had

5    originally been instituted in this Court.

6

7

8    DATE:  July 31, 2020                     FISHER & PHILLIPS LLP

9

10                                    By:*/s/: Brendan Y. Joy*_____
                                          NICOLE KAMM
11                                        BRENDAN Y. JOY
                                          Attorneys for Defendant
12                                        CONDENSED CURRICULUM
                                          INTERNATIONAL, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)
FP 38141365.1

**PROOF OF SERVICE**
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 31, 2020, I served the foregoing document entitled **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Diyari Vázquez | Attorneys for Plaintiff |
| Alexander R. Safyan | RYAN WILLIAMS |
| VGC, LLP | |
| 1515 7th Street, No. 106 | Telephone: (424) 272-9885 |
| Santa Monica, California 90401 | Email: dvazquez@vgcllp.com |
| | asafyan@vgcllp.com |

☒   **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐   **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐   **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐   **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 31, 2020, at Los Angeles, California.

| Tatiana Le | By: */s/: Tatiana Le* |
|---|---|
| Print Name | Signature |

---

PROOF OF SERVICE

FP 38141365.1