UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RYAN WILLIAMS,<br><br>      Plaintiff,<br><br>  v.<br><br>CONDENSED CURRICULUM INTERNATIONAL,<br><br>      Defendant. | Case No.  20-cv-05292-YGR   (RMI)<br><br>**ORDER RE: MOTION FOR CORECIVE SANCTIONS**<br><br>Re: Dkt. No. 50 |

Now pending before the court is Plaintiff's Motion (dkt. 50) for coercive sanctions geared to compel Defendant's compliance with a number of court orders granting Plaintiff's requests to compel certain discovery with which Defendant still has not complied. In addition to filing a substantive response (dkt. 55) to Plaintiff's sanctions motion, Defendant also submitted a long list of boilerplate evidentiary objections (dkts. 52, 53) that were unsupported with argument or citation to authority and which were summarily overruled (dkt. 54). Plaintiff has filed his reply (dkt. 56) and the Parties have appeared before the undersigned for oral argument on December 29, 2021. As set forth in detail below, Plaintiff's motion for coercive sanctions is granted now, but its execution is stayed pending the outcome of a follow-up sanctions hearing as described below.

## BACKGROUND

While the details underlying the issues stemming from Defendant's discovery misconduct have been described, and repeated, in prior orders (*see* dkts. 33, 48), the court will nevertheless reiterate a brief summary of that information again here such as to provide some necessary context. On November 2, 2021, the court granted Plaintiff's request to compel certain discovery while expressly noting that Defendant's objections to producing the discovery in question were

United States District Court
Northern District of California

United States District Court
Northern District of California

1 "hopelessly frivolous" and that they were clearly "designed to obstruct Plaintiff's access to

2 evidence, to gum up the works of the litigation, and to evade and escape the obligation to

3 effectuate the discovery process." *See* Order of November 2, 2021 (dkt. 33) at 10-11. As early as

4 November 2, 2021, the court warned Defendant and its counsel that the court does not appreciate it

5 when parties play games with words (such as when Defendant baselessly argued that terms such as

6 "you," "contend," and "due" are vague and ambiguous while turning right around and using some

7 of those same terms); the court also dispelled any notion that one of Defendant's supplemental

8 responses had cured an issue by pointing out that the supplemental response was still non-

9 responsive and that it was part of what was appearing to be a pattern of obstructionism; and, the

10 court also warned Defendant and its counsel that "any further appearances of frivolous objections,

11 rhetorical games, non-responsive answers, or any other such artifice will most assuredly be met

12 with appropriate sanctions." *Id*. at 11.[1] Thus, on November 2, 2021, Defendant was ordered to

13 immediately tender *proper* and *complete* responses to RFP Nos. 30-35, 37-38, 94-95, 98-101, as

14 well as *proper* and *complete* responses to each of Plaintiff's special interrogatories. *See id*. at 5-12.

15 　　During the eight weeks that followed, Defendant and its counsel have made it clear that the

16 court's repeated warnings have had no effect. More than a month after the issuance of the

17 November 2nd Order, Defendant's continued recalcitrance forced the court to again order

18 Defendant to make a full and complete tender of the discovery in question no later than December

19 10, 2021. *See* dkt. 39. However, as of December 15, 2021, Defendant had still failed to make a full

20 and complete tender of the outstanding discovery. *See* dkt. 43. Accordingly, yet another hearing

21 was conducted on that day and Defendant was warned (now for the third time) that the court had

22 lost patience, but Defendant was given yet another chance to remedy its failure to obey the court's

23 previous orders. *See* dkt. 45. On December 15, 2021 (approximately six weeks after being ordered

24

25 ────────────

26 [1] Indeed, it has now become apparent to the court that Defendant's counsel's preferred tactic for seeking to delay and impede the discovery process in this case is to repeatedly assert an inability to understand various things ranging from the use of simple and common words such as "you" and "contend," to asserting (as was the case at the oral argument on the instant sanctions motion, as well as during each of the several discovery hearings conducted by the court in the last two months) that they could not understand why their piecemeal discovery responses were still inadequate in order for Plaintiff to be able to calculate the commissions that he has alleged that Defendants still owe him.

27

28

1    to produce the discovery in question), Defendant was ordered "to file a certification of [its] full

2    and proper compliance" with the court's discovery orders by close of business on Friday,

3    December 17, 2021. *See id*. Instead of complying with the court's orders and discharging its

4    discovery obligations as it had been ordered to do, on December 17th, Defendant continued down

5    the path of playing word games and using rhetorical devices by filing what it contended to be a

6    notice of "substantial compliance," despite the court's clear and repeated admonishments that

7    anything shy of <u>full and proper</u> compliance would result in an order setting an expedited briefing

8    schedule for coercive sanctions aimed at putting an end to Defendant's disobedience. *See* Def.'s

9    Notice of Substantial Compliance (dkt. 46).

10           Thereafter, on December 22, 2021, Plaintiff filed a motion for coercive sanctions in the

11   amount of $1,000 per day while detailing the many areas in which Defendant's production

12   continues to be deficient, and therefore in violation of the court's several orders. *See* Pl.'s Mot.

13   (dkt. 50) 6-17. Defendant responded, in part, by filing a chart containing more than 100

14   unsupported and unexplained evidentiary objections (e.g., simply stating various boilerplate

15   objections such as "argumentative," "hearsay," and "best evidence rule," in rote fashion without

16   any argument or citation to authority) directed at a declaration filed by Plaintiff's counsel in

17   support of the sanctions motion – as stated above, all of Defendant's objections were overruled

18   (dkt. 54). Defendant's substantive response, on the other hand, continues to repeat Defendant's

19   now-familiar platitudes such as the incorrect notion that it has "substantially complied" with the

20   court's orders. *See* Def.'s Opp. (dkt. dkt. 55) at 2-3, 4-7 ("Defendant in good faith has fully or

21   substantially complied with all of the Court's discovery orders in this matter and full compliance

22   will be achieved by the time of the hearing on this Motion). First, the court will note that

23   Defendant had **<u>not</u>** "substantially complied," and it should also be noted that Defendant makes a

24   mockery of the English language by contending, *in the same sentence*, that it has fully <u>*or*</u>

25   substantially complied, <u>*and*</u> that it <u>*will*</u> fully comply by the time the hearing date on sanctions for

26   its misconduct arrives. Second, Defendant has been repeatedly warned for the span of two full

27   months that anything shy of <u>full</u> and <u>proper</u> compliance will not be acceptable; and yet, for some

28   reason, Defendant continues to play games with words and seems to be satisfied by continuing to

United States District Court
Northern District of California

3

repeat that it has "substantially complied," when it has not, and despite knowing that "substantial" compliance is not enough. Further, as noted by Plaintiff, Defendant's response does not even venture to explain why it has failed to achieve full compliance for the duration of the eight weeks during which it has been in dereliction of the court's orders. The lack of any such explanation, combined with the deployment of word-games and the utterly frivolous nature of Defendant's original objections to this discovery leaves absolutely no room for doubt that Defendant's recalcitrance, intransigence, and obstructionism has been effected as part of a bad faith campaign designed to stifle Plaintiff's access to evidence such as to gain a tactical advantage at trial which is now rapidly approaching. As described below, the court will not countenance any such inequitable result.

## DISCUSSION

In general, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Further, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002). Given that Defendant's objections were overruled two months ago, and given that Defendant has repeatedly been ordered to tender the discovery in question, but has repeatedly failed to do so, the court is left with no choice but to turn to coercive sanctions. Attended with case authority citations as to the reasonableness of the amount, Plaintiff has requested sanctions in the amount of $1,000 per day until Defendant has, at long last, fully complied with what is now a two-month-old court order. *See* Pl.'s Reply (dkt. 56) at 6. Defendant has not asserted that it, or its counsel, cannot afford the fine or that the amount is unreasonable or unnecessarily high. *See generally* Def.'s Opp. (dkt. 55) at 2-8. For that reason, and for the reasons stated in Plaintiff's motion, the court finds the fine amount to be reasonable under the circumstances.

A magistrate judge's authority to impose discovery sanctions turns first on whether the order is construed as non-dispositive or dispositive. *See Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240-41 (9th Cir. 1991). If the matter is not dispositive of a claim or defense of a party, a

United States District Court
Northern District of California

1   magistrate judge may enter a written order setting forth the decision, and such decisions are given

2   a degree of deference under Fed. R. Civ. P. 72(a), so long as they are not clearly erroneous or

3   contrary to law. *Grimes*, 951 F.2d at 240-41. On the other hand, if the matter is dispositive, a

4   magistrate judge must enter "a recommendation for the disposition of the matter." Fed. R. Civ. P.

5   72(b). Proscriptive sanctions which are designed to compel compliance with a discovery order are

6   deemed not to be dispositive matters. *See Grimes*, 951 F.2d at 241 ("We hold that magistrates may

7   impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to enforce

8   compliance with a valid discovery order."). Nor is a finding of contempt a necessary prerequisite

9   for imposing such coercive sanctions. *See id.; see also United States v. Westinghouse Elec. Corp.*,

10   648 F.2d 642 (9th Cir. 1981).

11       Before setting forth the sanctions regime that will be imposed, the court must note that

12   Defendant's counsel has – during the last two months – given the court so many hollow

13   assurances that never materialized such as to make it no longer tenable for the court to simply

14   accept further assurances from just Defendant or its counsel. Instead, in order for the court to be

15   satisfied that Defendant has in fact effected the "full and proper" tender of discovery that was

16   ordered on November 2, 2021 (and several times again since then) the court requires simultaneous

17   input from <u>both</u> parties. That is, until <u>both</u> Defendant and Plaintiff can agree (in a jointly filed

18   notice on the court's docket) that the pronouncements of the court's November 2nd Order have

19   been fully and properly discharged, the regime of daily fines described below will continue until

20   the further order from the court.

21       Thus, Plaintiff's Motion for coercive sanctions is **GRANTED**, and it is **ORDERED** that

22   for each non-holiday weekday starting with Wednesday, December 29, 2022, and continuing until

23   further order of the court, Defendant and its counsel shall be sanctioned (jointly and severally)[2] in

24

25   [2] District court are given great latitude in imposing sanctions for discovery abuse. *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996) (imposing monetary sanctions against counsel for

26   frivolous discovery requests). A law firm may be held jointly and severally liable with its client for sanctions imposed for failure to obey discovery orders. *See e.g.*, *Hyde & Drath v. Baker*, 24 F.3d 1162,

27   1172 (9th Cir. 1994). The apportionment of fault between counsel and client is the court's responsibility, and the court has the option of holding responsible either the opponent or his counsel. *See Devaney v.*

28   *Continental Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993). "Under Rule 37, when an attorney advises a client in discovery matters, he [or she] assumes a responsibility for the professional disposition of that

*United States District Court*
*Northern District of California*

1   the sum of $1,000.00 per day until such time that Defendant and its counsel have filed a written

2   certification of **full** compliance as part of a jointly filed certification wherein both Parties either

3   agree in writing that Defendant has fully and properly complied with each of the components of

4   the court's November 2nd Order, or in the alternative, until there is a joint filing wherein

5   Defendant certifies that it has *fully and properly*  (not just "substantially") complied with the

6   court's orders while Plaintiff may detail its' arguments as to any continuing gamesmanship or

7   other deficiencies. In the event that the court must decide whether any such further objections by

8   Plaintiff have merit, the court will promptly issue an order in that regard on the same day that the

9   joint notice is filed so that the Parties can be promptly apprised as to whether the sanctions regime

10  will continue or if it will be terminated. Under this sanctions regime, Defendant is **ORDERED** to

11  pay each day's accrued $1,000.00 sanction to the Clerk of Court no later than 12:00 pm on the

12  following business day and to file a certification of that payment on the docket promptly after the

13  payment is tendered. If this sanctions regime does not succeed in compelling Defendant's full and

14  complete compliance within a reasonable period of time, the court will thereafter resort to

15  significantly more drastic measures such as recommending to the presiding judge to employ an

16  adverse inference presumption and / or to enter a finding of civil contempt against Defendant and /

17  or its counsel, or to simply enter a default judgment against Defendant.

18          As reported by the Parties at the sanctions hearing on December 29, 2021, less than 30

19  minutes before the hearing, Defendant submitted another 30,000 pages of discovery materials.

20  Plaintiff's counsel reported that she would need time to review this material in order to determine

21  whether or not this batch of documents has finally brought Defendant into compliance with the

22  court's Order of November 2, 2021. Accordingly, the court will set a follow-up sanctions hearing

23  for Tuesday, January 11, 2022 at 11:00 am, such as to give Plaintiff's counsel the necessary time

24  and opportunity to review Defendant's tardy submissions. Therefore, it is **FURTHER**

25  **ORDERED** that the provisions of this Order are **STAYED** pending the follow-up sanctions

26  hearing on January 11, 2022. If the court determines at that follow-up hearing that Defendant's

27  _____

28  portion of the lawsuit and may be held accountable for positions taken or responses filed during that process." *Id.*

United States District Court
Northern District of California

submission of this latest batch of documents still did not amount to full compliance with the November 2nd Order, then the court will lift this stay and order Defendant and its counsel to remit the accrued $1,000 daily fines for each business day between December 29, 2021, and January 11, 2022, immediately, while imposing continuing daily fines as set forth herein from that day forward until further order from the court.

Additionally, Plaintiff has noted that prior to the parties' submission of their discovery disputes, Defendant represented that it would produce documents that would enable Plaintiff to calculate the commissions he was due and, based on that agreement Plaintiff did not move to compel RPD Nos. 3-6, 12, 14-22, 25, 27-29, 49, and 80-93, and "[n]ow, the fact discovery cut off has passed and Plaintiff has been severely prejudiced by CCI's gamesmanship." *See* Pl.'s Mot. (dkt. 50) at13-16. These concerns should not go unaddressed. To the extent that Plaintiff was misled by any assurances during the discovery period that later proved to be untrue such that Plaintiff missed an opportunity to move to compel certain materials that were not encompassed in this court's November 2nd Order, the Parties are ordered to promptly meet and confer in an effort to resolve these concerns informally, if informal resolution proves impossible, and Plaintiff wishes to proceed, the Parties are **ORDERED** to promptly file a joint letter brief addressing those issues such that Plaintiff's assertions of prejudice can be properly addressed.

**IT IS SO ORDERED.**

Dated: December 29, 2021

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

7