UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RYAN WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>CONDENSED CURRICULUM INTERNATIONAL,<br><br>   Defendant. | Case No. 20-cv-05292-YGR   (RMI)<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. No. 65 |

Now pending before the court is a "Notice" (dkt. 65) filed by Plaintiff through which he complains that "prior to the parties' October 15, 2021 joint submission . . . CCI represented that it would produce documents that would enable Plaintiff to calculate the commissions he was due [and that] [b]ased on that agreement, Plaintiff did not move to compel RPD Nos. 12, 14-19, 27-29, [and] 83-93." *See* Notice (dkt. 65) at 2. Consequently, Plaintiff uses his unilaterally-filed "Notice" as a mechanism to request the court to order Defendant to produce four categories of information (certain Salesforce and QuickBooks reports, as well as certain "attribution reports") by January 18, 2022. *See id*. at 6. For the following reasons, Plaintiff's request is denied.

The presiding judge in this case has already moved the cutoff deadline for fact discovery from June 11, 2021 to November 26, 2021 (*see* dkt. 28), and then again from November 26, 2021 to December 17, 2021 (*see* dkt. 38). When the only pending discovery dispute in this case (dkt. 30) was referred to the undersigned on October 20, 2021, the undersigned issued a written order on November 2, 2021 (dkt. 33), deciding all disputed issues. Since then, the parties have wasted no shortage of the court's time in that Defendant's foot-dragging resulted in no fewer than four hearing (*see* dkts. 39, 45, 58, 63), repeated threats of sanctions (*see* dkts. 39, 45, 48), the actual

1  imposition of coercive sanctions (dkt. 57), but staying their execution such as to afford Defendant
2  one final opportunity to comply with the court's November 2, 2021 (dkt. 33) on the initial
3  discovery dispute letter brief.
4      Throughout the deluge of notices, briefs, and status reports over the course of the last three
5  months, Plaintiff has occasionally mentioned – in passing – that it had sought certain documents
6  during fact discovery, that it had received assurances from Defendants about producing those
7  documents that later proved false, and that it was prejudiced because it never moved to compel the
8  information underlying RPD Nos. 3-6, 12, 14-22, 25, 27-29, 49, and 80-83. *See* Pl.'s Sanctions
9  Mot. (dkt. 50) at 13-14; *see also* Pl.'s Notice (dkt. 65) at 2 (now only complaining about missing a
10 significantly smaller subset of that information: RPD Nos. 12, 14-19, 27-29, 83-93). The court will
11 note that when Plaintiff first complained about this on December 22, 2021 (*see* dkt. 50 at 13-14),
12 fact discovery had closed only three days earlier. Plaintiff offered no explanation why he could not
13 have moved to compel this information before the close of fact discovery – even if Defendant had
14 given Plaintiff a false assurance of production, when fact discovery was coming to a close,
15 Plaintiff could have moved to compel this information, but for some reason decided against doing
16 so. Given the fact that Plaintiff mentioned it in passing – in the context of a principal brief on
17 coercive sanctions geared to enforcing the court's November 2nd order, the court instructed
18 Plaintiff as follows: "[t]o the extent that Plaintiff was misled by any assurances during the
19 discovery period that later proved to be untrue such that Plaintiff missed an opportunity to move to
20 compel certain materials that were not encompassed in this court's November 2nd Order, the
21 Parties are ordered to promptly meet and confer in an effort to resolve these concerns informally,
22 if informal resolution proves impossible, and Plaintiff wishes to proceed, the Parties are
23 **ORDERED** to promptly file a joint letter brief addressing those issues such that Plaintiff's
24 assertions of prejudice can be properly addressed." *See* Order of December 29, 2021 (dkt. 57) at 7.
25 Thus, if Plaintiff was asserting that he was cheated out of the opportunity to timely move to
26 compel the information underlying RFP Nos. 3-6, 12, 14-22, 25, 27-29, 49, and 80-83 – on
27 December 29th, the court ordered Plaintiff and Defendant to promptly meet and confer and then to
28 file a joint-letter brief that clearly set forth the facts that would explain how he was so cheated, and

why a motion to compel this information could not have been timely filed.

Given that fact discovery closed on December 17, 2021, in giving Plaintiff a chance to present this dispute through a properly prepared and jointly-filed letter brief, the court was looking for Plaintiff's explanation as to *why* he was unable to timely move to compel the discovery in question (for example, if Defendant had manipulated the timeline such as by assuring Plaintiff that it would provide those materials by mid-January but then failed to do so). However, Plaintiff ignored this court's order as to the prompt filing of a joint letter brief setting forth the reasons why filing a motion to compel before the deadline set forth in the local rules would have been impossible. Instead, Plaintiff has unilaterally filed a "Notice" through which he now seeks an order compelling the production of that discovery nearly a month after the passing of the fact discovery cutoff deadline. To make matters worse, Plaintiff's "Notice" contains no semblance of a coherent explanation as to why it would not have been possible to file a motion to compel this material before December 17, 2021 (let alone 7-days later as contemplated by this Court's Local Rules, as described below).

First, the court will note that the undersigned does not have the authority to order discovery that was not already the subject of a timely motion compel this far after the deadline set by the District Judge. *See e.g.*, *United States ex rel. Brown v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2015 U.S. Dist. LEXIS 174348, at \*6 (C.D. Cal. Oct. 16, 2015); *see also Watts v. Allstate Indemnity Co.*, 2012 U.S. Dist. LEXIS 153136, 2012 WL 5289314, at \*2 (E.D. Cal. Oct. 23, 2012) (magistrate judge does not have authority to amend district judge's scheduling order or to hear untimely discovery disputes); *UMG Recordings, Inc. v. Disco Azteca Distribs., Inc.*, 2006 U.S. Dist. LEXIS 48755, 2006 WL 2034689, at \*3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order."). If Plaintiff wishes to reopen discovery at this point, he must file such a request before the District Judge.

Second, even if the undersigned were not bound by the District Judge's discovery deadline, the undersigned would still be strongly inclined to deny Plaintiff's request for several reasons, the most important of which is because he has not established that he was diligent. In this regard, Local Civ. R. 37-3 provides that: "[w]ere the Court has set separate deadlines for fact and expert

3

discovery, no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off . . . [and] [d]iscovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." When Plaintiff initially complained about this issue – in passing, as a tangent, and in an unrelated motion for coercive sanctions geared to enforcing the court's November 2nd order – Plaintiff could have still moved to compel this information since fact discovery had only closed 5 days earlier and Local Civ. R. 37-3 permits the filing of motions to compel up to 7 days after the closing of fact discovery. However, Plaintiff failed to do so. Thus, Plaintiff's request to compel this material *now* is due to be **DENIED** as untimely, especially in light of the fact that the request is unattended with any particularized showing of good cause for the delay. Additional bases for the denial are manifest in the fact that a "Notice" is not a suitable method for moving to compel discovery under this court's local rules, or under the provisions set forth in the General Standing Order of the undersigned, or under the specific instructions that Plaintiff was given in the court's order of December 29th (quoted above).

**IT IS SO ORDERED.**

Dated: January 18, 2022

_____
ROBERT M. ILLMAN
United States Magistrate Judge